Michael A. Velthoen (SBN 187909)
Max R. Engelhardt (SBN 310968)
FERGUSON CASE ORR PATERSON LLP
1050 S. Kimball Road
Ventura, California 93004
Telephone: (805) 659-6800
Facsimile: (805) 659-6818
Email: mvelthoen@fcoplaw.com
        mengelhardt@fcoplaw.com

Michael A. Strauss (SBN 246718)
Aris E. Karakalos (SBN 240802)
STRAUSS & STRAUSS, APC
121 N. Fir St., Suite F
Ventura, California 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
Email: mike@strausslawyers.com
        aris@strausslawyers.com

*Attorneys for Plaintiffs*

Joseph W. Ozmer II (SBN 316203)
jozmer@kcozlaw.com
Abigail Stecker Romero (SBN 284534)
aromero@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, et al., | Case No. 2:20-cv-08299-SB-AS |
| Plaintiffs, | *Hon. Stanley Blumenfeld, Jr.* |
| v. | **JOINT REPORT AND STIPULATION REGARDING NOTICE TO THE FLSA COLLECTIVE** |
| CHARTER COMMUNICATIONS, LLC, | |
| Defendant. | *[Proposed Order Filed Concurrently Herewith]* |

**JOINT REPORT**

On December 4, 2020, the Court ordered the Parties to meet and confer regarding the manner and form of notice to members of the conditionally certified FLSA collective.  (D.E. 75.)  The Court also instructed the Parties that the notice procedure be "straightforward," "not a huge process with multiple iterations and the like," and that the notice itself "simply and fairly and properly, without the court's backing being behind any claim, [] notify the putative members as to what the case is about and what they are being asked to do."  (D.E. 80.)  Since then, the Parties, via their counsels, have engaged in ***substantial*** conferral efforts over the telephone and via email, and exchanged multiple edited ("red-lined") versions of the various proposed FLSA notice documents. The Parties have reached the following agreement.

**A.    METHOD OF NOTICE DISTRIBUTION**

The Parties agree that notice should be sent both via first-class mail and via text message to the personal phone numbers of the putative members of the collective (the "MTs") currently on file with Charter.  The Parties also agree to the following procedures, which represent significant departures from the positions both Parties took during briefing on Plaintiffs' FLSA motion:

- Within 21 calendar days of the date of the Court's order approving this Stipulation, Charter will provide to CPT, Inc. ("CPT") the following information for the MTs: (1) full name, (2) most recent personal address contained in Charter's electronic records, (3) most recent personal phone number contained in Charter's electronic records,[1] (4) social security number, (5) date of birth.

---

[1] To the extent Charter's electronic records do not include a personal phone number, which Charter believes to be a rare occurrence, Charter will review other records in a good-faith attempt to locate a personal phone number to provide to CPT.

- Within 7 calendar days of receipt of the information above, CPT will perform an address-updating inquiry by running an NCOA (National Change of Address) update on the list prior to mailing.  CPT will also run a skip trace on the addresses that NCOA indicates are not valid prior to mailing.  This will ensure the most accurate address list before mailing.

- Within 14 calendar days of receipt of the information above, CPT, the third-party administrator, will send notice to the MTs via first-class mail.

- Concurrently with the first-class mail, CPT will send notice to the MTs via text message to personal phone numbers currently on file with Charter.  CPT will utilize a text-message vendor that is not an automatic telephone dialing system, as that term is defined in the Telephone Consumer Protection Act and similar state laws, such that the text message notice will not implicate or violate such laws.

- MTs will have 60 calendar days to opt into the lawsuit.

- CPT will establish an official case webpage where the MTs may review the official notice and an official webpage where they may opt-in online.

- MTs may opt into the lawsuit by: (1) sending the signed opt-in form to CPT via mail, email or fax; or (2) completing an online submission form that will require MTs to verify their identity (and thereby prevent fraud) by providing their name, address, social security number, date of birth, and a unique identifier code provided by CPT.

- No reminder notices will be sent.

- Plaintiffs will pay the cost of the notice process.

- Within 10 calendar days following the close of the Opt-In Period, CPT will provide a list of all individuals that have opted in, including all

their contact information as provided in the opt-in process, to the Parties' counsels.

- All said individuals who opt-in will comprise the Conditionally Certified FLSA Collective and shall be represented by Plaintiffs' counsel until otherwise ordered by this Court.

The Parties submit that this notification process is "straightforward" and "not a huge process with multiple iterations and the like." (D.E. 80.)  *See Marino v. CACafe, Inc.*, No. 16-CV-6291 YGR, 2017 WL 5713390, at *5 (N.D. Cal. Nov. 9, 2017) (approving notice via first-class mail and text message); *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (approving 60-day opt-in period).  The Parties accordingly ask the Court to approve the notice combination of first-class mail and text message.[2]

### B.   CONTENT OF NOTICES

The Parties agreed to separate notice language for (1) notice via first-class mail (the "Mail Notice"), and (2) notice via text message to personal phone numbers (the "Text Notice").  The Mail Notice is attached hereto as <u>Exhibit A</u>.  The Text Notice is attached hereto as <u>Exhibit B</u>.  The Opt-In form is attached as <u>Exhibit C</u>.

The Mail Notice contains a plainly-written disclosure regarding, *inter alia*, the nature of the lawsuit, the right to opt into the lawsuit, the effect of opting into the

---

[2] As consideration for Charter's agreement to pursue text notices, Plaintiffs agreed they will not seek to disseminate FLSA notice via the Company emails and telephone numbers that Charter provides to the MTs (Plaintiff reserves the right to pursue such notice options in other contexts outside the limited FLSA notice process, e.g., PAGA notices).  Plaintiffs' request that, should the Court reject the Parties' text-message proposal contained herein for whatever reason the Court should permit a 3-page briefing on why Plaintiffs should be permitted to send notice through Charter's Company-provided email accounts (a briefing that was not filed based purely on the Parties' ability to reach this agreement last-minute).  Charter does not agree that such additional briefing would be necessary.  Charter reserves the right to oppose any future requests for the production or use of its Company-provided email and phone numbers.

lawsuit, and the variety of methods for opting into the lawsuit.  The Mail Notice is neutral and does not imply the Court supports one party or the other.  It also includes various additional explanations designed to address likely questions that MTs may have upon receipt of the Mail Notice, including an explanation that MTs will not be retaliated against in any way for joining the lawsuit.

The Text Notice contains a shorter disclosure regarding the nature of the lawsuit and directs the recipient to a website that will display the entirety of the Mail Notice.  The Text Notice also includes appropriate disclosures regarding the MTs' ability to opt into the lawsuit, and that they will not be retaliated against in any way for doing so.

The Parties submit that the Mail Notice and Text Notice "simply and fairly and properly, without the court's backing being behind any claim, [] notify the putative members as to what the case is about and what they are being asked to do." (D.E. 80.)  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 174 (1989) (instructing notice must be "accurate" and address the "pendency of the collective action" and "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119, 2014 WL 587135, at *14 (N.D. Cal. Feb. 13, 2014) ("It is appropriate to include language informing potential plaintiffs of possible obligations in the event they elect to opt-in."); *Marino*, 2017 WL 5713390 at *5 (approving similar notices). The Parties accordingly ask the Court to approve sending the notices attached hereto as <u>Exhibits A and B</u> (and <u>Exhibit C</u> as a proposed Opt-In Form).

## **<u>STIPULATION</u>**

NOW, THEREFORE, the parties hereby stipulate and request that the Court approve their jointly-proposed plan for distribution of the Mail Notice and Text Notice via the methods described herein. A proposed order is filed concurrently.

//

//

1      **SO STIPULATED.**

2

3    DATED: December 28, 2020          **STRAUSS & STRAUSS, APC**

4                              By:  */s/ Aris E. Karakalos*
                                        Aris E. Karakalos
                                        Attorneys for Plaintiff

5

6    DATED: December 28, 2020          **KABAT CHAPMAN &
                                            OZMER LLP**

7

8                              By:  */s/ Abigail Stecker Romero*
                                        Abigail Stecker Romero
                                        Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

## ATTESTATION

2

    Plaintiffs, as the filing parties, hereby attests that signatory Abigail Stecker

3

Romero, on behalf of Defendant, concurs in this document's content and the filing of

4

this document.

5

                                        */s/ Aris E. Karakalos*

6

                                        Aris E. Karakalos

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RPT. & STIP. RE: FLSA NOTICE – CASE NO. 2:20-cv-08299-SB-AS